**Ramesh PRASAD; Fouzia Gulnar Prasad, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75207.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Joseph J. Siguenza, Esq., Ashwani K. Bhakhri, Esq., Joseph J. Siguenza, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brian Skaret, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Ramesh Prasad and his wife, Fouzia Gulnar Prasad, natives and citizens of Fiji, petition for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Prasad's testimony lacked specificity regarding his abuse and detentions, particularly in light of the graphic description he provided in his supporting declaration. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999) (the level of specificity in an applicant's testimony is an appropriate consideration in an adverse credibility determination). For example, Prasad indicated in his declaration that government authorities poked needles under his fingernails, hung him upside down until he lost consciousness, cut his hand with a knife, beat him with a truncheon across his feet and buttocks and sexually assaulted him. During his hearing before the IJ, however, Prasad provided none of these details, despite being asked to do so several times. *See Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999).

In the absence of credible testimony, the petitioners failed to establish eligibility for asylum, withholding of removal or CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

